# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

COREY M. REED, #289-903, :

   Petitioner :

     v. : CIVIL ACTION NO. CCB-17-2499

RICKY FOXWELL and :
THE ATTORNEY GENERAL OF THE
   STATE OF MARYLAND, :

   Respondents :

## MEMORANDUM

Corey M. Reed, a self-represented Maryland prisoner, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. (ECF 1, as supplemented by ECF 3.) He attacks his 1999 conviction in the Circuit Court for Baltimore City, Maryland for first-degree murder. He also submitted exhibits in support of the petition. Respondents have answered and offered the docket sheet outlining proceedings relating to Reed's criminal case. (ECF 8.) Reed has replied. (ECF 11, 12.) After reviewing the petition, answer, and reply, the court finds no need for an evidentiary hearing. *See* Rule 8(a), "Rules Governing Section 2254 Cases in the United States District Courts," 28 U.S.C. folio § 2254; *see also* 28 U.S.C. § 2254(e)(2). For the reasons set forth below, the petition shall be denied and a certificate of appealability shall not issue.

### I. Factual and Procedural History

A.    State Proceedings

On December 15, 1999, Reed pleaded guilty to a single count of first-degree murder in the Circuit Court for Baltimore City. (ECF 8-1, p. 4.) On that same day, December 15, 1999, Reed was sentenced to life imprisonment, with all but 25 years suspended. (*Id.*) Reed did not file an application for leave to appeal the entry of his plea and sentence; thus, his judgment

became final under 28 U.S.C. § 2244(d)(1)(A) on January 14, 2000. *See* Md. Rule 8-204 (application for leave to appeal to be filed within 30 days of judgment from which appeal is sought).

On February 26, 2001, Reed filed a post-conviction petition in the Baltimore City Circuit Court. (ECF 8-1 at 1.) His motion to withdraw the petition was granted without prejudice on May 16, 2001. (*Id.*) Reed re-filed his post-conviction petition on August 10, 2001, and moved to withdraw it on April 30, 2002. (*Id.*) The motion to withdraw was granted without prejudice on May 15, 2002. (*Id.*)

On March 31, 2004, Reed again sought post-conviction relief. (*Id.*) His post-conviction petition was denied on October 26, 2004. (*Id.*) Leave to appeal the denial of post-conviction relief was denied by the Court of Special Appeals of Maryland on April 28, 2015. (ECF 8-1 at 2.)

Between August 24, 2005 and June 3, 2016, Reed moved to reopen post-conviction proceedings on four separate occasions. (*Id.*). Reed's application for leave to appeal the dismissal of his fourth motion to reopen was denied by the Court of Special Appeals of Maryland on January 9, 2017. (ECF 8-1 at 3).

B.  Federal Proceedings

In his petition, as supplemented, Reed asserts that his plea was involuntary. He also asserts that counsel provided ineffective assistance and that the prosecutor relied on "false evidence" to support the plea and "illegal sentence." (ECF 3, p. 5.) In a limited answer to the petition, respondents assert that the merit of Reed's claims cannot be examined because the petition is untimely pursuant to 28 U.S.C. § 2244(d) and Reed has provided no basis for applying the doctrine of equitable tolling. (ECF 8 at 2-5.)

In reply, Reed argues that the one-year limitations period did not run while he attempted to fully exhaust all of his claims by pursuing post-conviction remedies. (ECF 11 at 4-10.) Reed also argues that the limitations period should tolled because court-appointed counsel failed to advise him of his right to direct appeal and his right for review of sentence. (ECF 12 at 2-3).

## II. Discussion

A. Applicable Statutory Standards

The Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted and signed into law on April 24, 1996. Prior to AEDPA, there was no time limitation on when a prisoner could file an original action for habeas corpus relief in federal court. AEDPA introduced a one-year limitations period for state prisoners filing under 28 U.S.C. § 2254. The one-year limitations period begins to run on the date on which the judgment became final by the conclusion of direct review or, if no appeal is taken, upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A)[1]; *see also Wall v. Kholi,* 562 U.S. 545, 549 (2011). The one-year period

---

[1] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

is tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. § 2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

B. Analysis

Here, the limitations period began to run, at the latest, on January 4, 2000, when the time for seeking leave to appeal his guilty plea expired. Between January 4, 2000 and February 26, 2001, when Reed first filed a post-conviction petition, there were no proceedings in state court that would serve to toll the limitations period of 28 U.S.C. § 2244(d). Thus, the one-year limitations period expired more than a month before Reed first sought post-conviction relief in the Circuit Court. Reed presents no grounds to overcome this finding, or to support an argument that the limitations period should be statutorily tolled in his favor.

In order to be entitled to equitable tolling of the limitations period, Reed must establish that either some wrongful conduct by the State contributed to the delay in filing his federal habeas corpus petition, or that circumstances beyond his control caused the delay. *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003); *Harris,* 209 F.3d at 330 ("[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result.")*.; see also Holland v. Florida*, 560 U.S. 631, 649 (2010) (equitable tolling limited to extraordinary circumstance); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (recognizing that equitable tolling requires a showing that the petitioner "has been pursuing his rights diligently, and . . . that some extraordinary

---

(2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

4

circumstance stood in his way.").

To the extent the delay might be attributed to Reed's lack of understanding of the law, unfamiliarity with the law may not be used to justify equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Reed has failed to satisfy his burden to demonstrate that equitable tolling is warranted, and his claims for habeas corpus relief are time-barred.

**Conclusion**

The instant petition for habeas corpus relief will be denied and this case dismissed by separate order. When a district court dismisses a habeas petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court dismisses a habeas petition solely on procedural grounds, a petitioner satisfies this standard by demonstrating "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Reed does not satisfy this standard. *See Buck v. Davis,* ___ U.S. ___, 137 S.Ct. 759, 773 (Feb. 22, 2017). Therefore, the court declines to issue a certificate of appealability.[2]

October 17, 2017 _____/S/_____
Date                                                  Catherine C. Blake
                                                         United States District Judge

---

[2] Denial of a certificate of appealability in the district court does not preclude Reed from requesting a certificate of appealability from the appellate court.